IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RONALD MANGUM,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. PJM 06-1283 |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM OPINION**

Ronald Mangum has filed a Motion for Reconsideration of the Court's Order denying his Motion to Vacate the Court's substitution of the United States as Defendant. For the reasons set forth below, the Court **DENIES** the Motion.

**I.**

Mangum originally filed a personal injury lawsuit against individual Defendant Stacie Kane for her alleged negligence when she practiced on him a "take down maneuver" that she had learned in her FBI training class. The United States filed a certification that Kane was acting within the scope of her employment at the time of the incident, and the Court substituted the United States as Defendant. Mangum then filed a Motion to Vacate the Court's Order of substitution, which the Court denied by Memorandum Opinion on June 13, 2007. Mangum has now filed the instant Motion for Reconsideration, which the United States opposes. No hearing is necessary to dispose of the matter. See Local Rule 105.6 (D. Md. 2006).

**II.**

Mangum has filed his Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e)[1] or, alternatively, Rule 60(b).[2] The invocation of Rule 59(e) is improper here because the Court's denial of Mangum's Motion to Vacate constituted an intermediate order, not a final judgment. Although it not entirely clear under what subpart of 60(b) Mangum is seeking reconsideration, he has framed his argument so as to suggest that the Court made a "mistake" under Rule 60(b)(1) by overlooking the "actuation" element of the scope of employment inquiry.

Assuming Rule 60(b)(1) applies, a doubtful proposition, Mangum's motion essentially rehashes the arguments already presented to and rejected by the Court in his original motion. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001) (denying a motion to reconsider under Rule 59(e) because it simply rehashed the issues that were litigated and decided at trial). Nonetheless, the Court will address the substance of Mangum's argument.

He disputes that Kane's conduct was "actuated" by her employment when she injured him because she characterized her performance of the maneuver as "kidding around" instead of "practicing." He argues that, subjectively, Kane's intent at the time was not to "practice" for the

---

[1] Fed. R. Civ. P. Rule 59(e) provides, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the *judgment*" (emphasis added).

[2] Fed. R. Civ. P. Rule 60(b) allows a court to reconsider a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

benefit of her employer because at no point did she so state she was "practicing" the maneuver on Mangum. On the contrary, Mangum argues, Kane was simply "showing" him the maneuver.

Mangum places great emphasis on the choice of words used by Kane to describe her action, but this is mere verbal legerdemain. That Kane used the word "show" or "perform" instead of "practice" is a distinction without a difference. The fact that *she* never characterized her action as "practice" is of no import. The scope of employment inquiry in this case does not require a finding of "practice" as opposed to "performance." While Kane's description may be one factor in determining whether she intended to act in the scope of employment, it is by no means dispositive. The Court considered the entire context of the incident – namely, that Kane had recently been instructed to practice, that immediately prior to engaging Mangum she had been discussing with him what she had learned that week at training, that they agreed she would in some way demonstrate or perform the maneuver on him, and that Mangum stood up and turned his back to Kane in order for her to perform the maneuver. This totality of circumstances constituted the "practice" Kane had been authorized to undertake.

That Kane's conduct may have had other elements to it – whether for flirtation or merely to pass the time of day – does not negate the Court's finding that she acted in furtherance of the FBI's goal that she be properly prepared by the end of training. If the thrust of the Court's original Memorandum Opinion needs reaffirmation, the Court now explicitly affirms that Kane was "practicing" the maneuver on Mangum. As such, she was acting within the scope of her employment with the FBI.

**III.**

For the foregoing reasons, the Court **DENIES** Mangum's Motion for Reconsideration. A separate order **WILL ISSUE**.

|  |  |
|---|---|
|  | /s/ |
|  | PETER J. MESSITTE |
| August 1, 2007 | UNITED STATES DISTRICT JUDGE |