IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RONALD MAGNUM** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. PJM 06-1283 |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM OPINION**

This is a personal injury case in which Ronald Magnum originally sued Stacie Kane for negligence when, while in her home, she practiced a "take down maneuver" that she had learned in her FBI training class. The United States filed a certification that Kane was acting within the scope of her employment at the time of the incident, and the Court substituted the United States for Kane as Defendant. Magnum challenged this certification via a Motion to Vacate, and the Court issued a Memorandum Opinion and Order denying the Motion. Magnum then filed a Motion for Reconsideration of the Court's Order, which the Court also denied. The facts of this case are set forth in those earlier Opinions.

Presently before the Court is the United States' Motion to Dismiss and Magnum's Motion to Reinstate Plaintiff's Response to Defendant's Motion to Dismiss and to Reinstate Plaintiff's Second Motion for Leave to Amend his Complaint. Having considered the parties' briefs, no hearing is necessary to dispose of the matter. *See* Local Rule 105.6 (D. Md. 2007). For the reasons

set forth below, the Court **DENIES** Magnum's Motion to for Leave to Amend his Complaint and **GRANTS** the Government's Motion to Dismiss.

## I.

The Court first turns to Magnum's Motion to Reinstate Plaintiff's Second Motion for Leave to Amend his Complaint. He filed the underlying Motion in response to the Government's Motion to Dismiss and argues that should the Court grant his motion, the Motion to Dismiss will become moot. His proposed amendment again names Kane individually as defendant but this time adds a *Bivens* cause of action against her pursuant to 28 U.S.C. § 1331. Magnum argues that Kane, as a federal agent acting within the scope of her employment, unreasonably "seized" him when she performed the take-down maneuver and thereby violated his Fourth Amendment rights. He further argues that a *Bivens* action is his only avenue for relief because the Federal Tort Claims Act ("FTCA") has an exception precluding suits against the United States based on assault and battery. 28 U.S.C. §§ 1346(b), 2671-2680. Magnum concedes, as the Government argues in its Motion to Dismiss, that in any case, because he did not timely exhaust his claims administratively, he has no claim under the FTCA.

The Government argues that amendment of Magnum's Complaint would be futile for several reasons. First, the conduct he alleges in support of his purported *Bivens* claim does not rise to the level of a Fourth Amendment violation. *See Daniels v. Williams*, 474 U.S. 327 (1986). Although the proposed Amended Complaint does not use the word "negligence," as does the original Complaint, the facts alleged are clearly the same. Additionally, Magnum also was not "seized" by Kane because an excessive force plaintiff who is free to leave an activity is not deemed seized for purposes of a Fourth Amendment violation, and Magnum was voluntarily at Kane's residence. *See*

*Fournier v. Reardon*, 160 F.3d 754, 756-57 (1st Cir. 1998) (rejecting correction officer's Fourth Amendment claim that he was seized at training academy by being handcuffed because he was free to leave the premises). There is also no precedent, the Government argues, for extending a *Bivens* remedy to the present context. The alleged injury occurred in a unique context, Kane's home, rather than in a prison or in the context of a criminal investigation or arrest. The Government also argues that Magnum was not, in fact, without a remedy under the FTCA because the assault and battery exception, which Magnum says precluded a FTCA remedy for him, did not apply here. Insofar as Kane was practicing a permitted maneuver on Magnum, the contact would not constitute battery or assault under Maryland law, although perhaps it amounted to some sort of negligent roughhousing. In that respect, the claim would not fall outside the FTCA.[1]

The Court agrees with the Government that Magnum's proposed amendment to his Complaint would be futile.

A request to amend a complaint will be denied if the requested amendment would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); 6 Charles A. Wright, *et al.*, Fed. Prac. & Proc. Civ. 2d § 1487 ("if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile"). The only change Magnum seeks is the addition of a claim under the Fourth Amendment against Kane as an individual defendant.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court allowed a damages action under the Fourth Amendment against federal officials who were carrying out an arrest and search in the context of a criminal investigation. The

---

[1] The Government also argues that even were a *Bivens* claim to lie, the defense of qualified immunity would apply.

Supreme Court has since "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts." *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). Any plaintiff positing a *Bivens* claim must first meet the requirements of a three-part test: "[A] court must determine that (1) Congress has not already provided an exclusive statutory remedy; (2) there are no special factors counseling hesitation in the absence of affirmative action by Congress; and (3) there is no explicit congressional declaration that money damages not be awarded." *Holly v. Scott*, 434 F.3d 287, 290 (4th Cir. 2006) (citation omitted).

The Court finds a *Bivens* claim inappropriate in the present context. Congress has already provided an exclusive statutory remedy for claims of negligence in the FTCA. Though Magnum asserts he has no other available remedies and that it is therefore appropriate for him to pursue a *Bivens* claim, it is his own failure to exhaust administrative remedies under the FTCA that has put him in this position. Magnum's claim may or may not sound in negligence but is certainly neither a battery nor an assault. Under Maryland law, battery occurs "when one intends a harmful or offensive contact with another without that person's consent." *Nelson v. Carroll*, 355 Md. 593, 600 (1999). Assault is defined as an attempt to commit a battery or "an intentional placing of another in apprehension of receiving an immediate battery." *Cain v. State*, 386 Md. 320, 338 n.11 (2005) (citation omitted). Since Kane did not intend harmful contact and since she had Magnum's consent to allow her to practice her maneuver on him, her conduct was not assault or battery. Kane's conduct was at most a negligent act, if that. The FTCA provides an effective remedy for that cause of action and Magnum quite simply failed to pursue it. Moreover, the facts surrounding Magnum's claim most assuredly counsel "hesitation in the absence of affirmative action by Congress." *Holly*, 434 F. 3d at 289. Horseplay between friends, one of whom happens to be an FBI agent, which

4

results in injury to the non-agent is a long way from FBI agents using excessive force to effect an arrest pursuant to a criminal warrant (as in *Bivens*). The present context is unquestionably one of the sort that the Supreme Court in *Schweiker* would consider a bridge too far.[2] A *Bivens* claim has no place in this case.

Magnum's proposed Amended Complaint, in naming Kane as an individual defendant, takes issue yet again with the substitution of the United States as Defendant. The Court has affirmed the Government's place in this case not once, but twice. The Government, not Kane individually, was and is the proper defendant in this case.

Because Magnum's requested amendment to his Complaint would not state a colorable cause of action and because the Court has already determined that Special Agent Kane is not an appropriate defendant in her individual capacity, the Court DENIES Magnum's Motion to Reinstate Plaintiff's Second Motion for Leave to Amend his Complaint.

**II.**

This leaves Defendant's Motion to Dismiss to consider.

In its Motion, the Government argues that the Court lacks subject matter jurisdiction under F.R.C.P. 12(b)(1) because Magnum failed to exhaust his administrative remedies under the FTCA. 28 U.S.C. §§ 1346(b), 2671-2680. Because the United States has not otherwise waived its sovereign immunity as to the wrongs alleged in the Complaint, it submits that his claims must be dismissed. The Court agrees.

---

[2] Although the Complaint does not indicate whether Magnum and Kane were in a romantic relationship, if that were the case, that would make the context even more remote from that contemplated by the Supreme Court in *Schweiker*, 487 U.S. at 421.

The FTCA applies to civil actions, such as this, brought against the United States for a negligent or wrongful act or omission of an employee of the federal government who was acting within the scope of employment. The statute requires that aggrieved parties follow certain prescribed procedures.[3] Failure to file an administrative claim, one of those requirements, divests the court of subject matter jurisdiction. *See Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986). The United States has not otherwise waived its sovereign immunity as to the wrongs alleged in the Complaint. Indeed, in his own response to the Government's Motion to Dismiss, Magnum himself acknowledges that he does not have a case under the FTCA.

Accordingly, the Court GRANTS the Government's Motion to Dismiss.

### III.

For the foregoing reasons, the Court **DENIES** Magnum's Motion to Reinstate Plaintiff's Second Motion for Leave to Amend his Complaint and **GRANTS** the Government's Motion to Dismiss. A separate Order **WILL ISSUE**.

/s/
PETER J. MESSITTE
October 11, 2007                    UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.